IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 13-00329 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| CARLOS ROBERTO RODRIGUEZ-VASQUEZ, | |
| Defendant. | |

On December 19, 2013, the Court heard argument on a motion for reconsideration brought by defendant Carlos Roberto Rodriguez-Vasquez. The defendant seeks reconsideration of the Court's previous Order denying his motion to dismiss the indictment against him. Having considered the arguments of counsel and the papers submitted, the Court DENIES the defendant's motion.

**BACKGROUND**

On May 21, 2013, defendant Carlos Roberto Rodriguez Vasquez was charged in a single-count indictment with illegal reentry after deportation, in violation of 18 U.S.C. § 1326. On August 23, 2013, the defendant filed a motion to dismiss the indictment, alleging that his prior removal from this country violated due process.[1] Dkt. 14. On October 23, 2013, the Court denied the defendant's motion, finding that, even if the removal proceedings violated the defendant's due process rights, he was unable to establish that he had suffered prejudice as a result. Dkt. 23. On November 6, 2013, the defendant filed a motion for leave to file a motion for reconsideration, based on a recent Ninth Circuit opinion. Dkt.

---

[1] Because the Court's prior Order sets forth a detailed factual background of this case, *see* Dkt. 23, the Court will not repeat it here.

24. On November 15, 2013, the Court orally granted the defendant's motion for leave to file a motion for reconsideration.

## LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). While a court is permitted to reconsider a prior order, this is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). A motion for reconsideration may not be used to present arguments that were or could have been raised in the initial motion. *Id.*

## DISCUSSION

In his motion for reconsideration, the defendant contends that the Court failed to consider material facts or dispositive legal arguments in its prior Order. Specifically, the defendant argues that: (1) the Court overstated the defendant's burden to state plausible grounds for relief; (2) the Court did not accord sufficient weight to the declarations of the defendant and his immigration expert; and (3) the Court mistakenly analyzed the defendant's claim for Convention Against Torture ("CAT") relief as though he had been given the opportunity to fully develop his claim. For the following reasons, the Court rejects the defendant's arguments.

**1.      The Defendant's Burden.**

The defendant first argues that the Court improperly placed too heavy a burden on him to demonstrate that he could have had plausible grounds for relief from removal in 2011. As explained in the Court's previous order, a prior removal order is only fundamentally unfair if: "(1) an alien's due process rights were violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir.

2004) (quoting *United States v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000) (internal quotation marks omitted)). To establish prejudice, the defendant must demonstrate that he had a plausible ground for relief from removal. *United States v. Muro-Inclan*, 249 F.3d 1180, 1185 (9th Cir. 2001). In other words, the defendant must make a prima facie showing of prejudice. *United States v. Cerda-Pena*, 799 F.2d 1374, 1379 (9th Cir. 1986).

A prima facie case of prejudice is established if a defendant produces evidence that the proceedings' alleged errors damaged his interests "in such a manner so as actually to have had the potential for affecting the outcome of the proceedings." *Id.* To determine whether an alleged error had the potential to affect the outcome of the removal proceedings, the Court must examine the standard the defendant would have been held to when seeking substantive relief. *See Hernandez-Ortiz v. INS*, 777 F.2d 509, 513 (9th Cir. 1985). Only after the defendant makes a prima facie showing of prejudice does the burden shift to the government to demonstrate that the alleged defects could not have altered the proceedings' outcome. *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003).

An alien seeking substantive CAT relief must demonstrate that he would more likely than not suffer torture if removed to the proposed country, and that a public official in that country would acquiesce in that torture. 8 C.F.R. § 1208.18(a). When an alien alleges prejudice stemming from an inability to seek CAT relief in a prior removal, however, he need not demonstrate that relief actually would have been granted. Instead, the alien need only demonstrate that he had a plausible claim to CAT relief. *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011). "[T]o show plausible grounds for relief, an alien must show that, in light of the factors relevant to the form of relief being sought, and based on the unique circumstances of [the alien's] own case, it was plausible (not merely conceivable) that the IJ would have exercised his discretion in the alien's favor." *Id.* (quoting *United States v. Corrales-Beltran*, 192 F.3d 1311, 1318 (9th Cir. 1999) (alteration in original) (internal quotation marks omitted)). Thus, to establish a prima facie case of prejudice stemming from an inability to seek CAT relief, a defendant must demonstrate that it was plausible that, had he presented his case to an immigration judge ("IJ"), the IJ would have found it more likely than not that the defendant would suffer torture if removed to his home country, and that a public official in that country would acquiesce in that torture.

3

1 The defendant has not met his burden here. To establish the required prima facie showing of 2 prejudice, the defendant needed to demonstrate that the alleged errors in his 2011 removal proceedings 3 prejudiced his interests "in such a manner so as actually to have had the potential for affecting the 4 outcome of the proceedings." *See Cerda-Pena*, 799 F.2d at 1379. In other words, the defendant needed 5 to demonstrate that, in light of his unique circumstances, it was plausible – not merely conceivable – 6 that, had he been given the chance to present his evidence to an IJ in 2011, the IJ would have exercised 7 his discretion in the defendant's favor. *See Corrales-Beltran*, 192 F.3d at 1318. For an IJ to have 8 exercised his discretion in the defendant's favor, the IJ would have needed to find that it was more likely 9 than not that, if the defendant was removed to Honduras, he would face torture in which a government 10 official would acquiesce. *See* 8 C.F.R. § 1208.18(a).

11 As the Court concluded in its prior Order, the evidence the defendant submitted in support of 12 his prior motion was insufficient to establish a plausible CAT claim. *United States v. Rodriguez-*13 *Vasquez*, No. 13-0329 SI, 2013 WL 5755191, *3-5 (N.D. Cal. Oct. 23, 2013). The Court considered 14 the defendant's declaration, a declaration submitted by immigration attorney Angela Bean, a State 15 Department human rights report for the year 2011, and records of two complaints made to the Honduran 16 police that referenced the defendant. *Id.* The Court noted that the defendant's claim of fear of torture 17 was premised on his having previously resided in the United States. *Id.* Although the defendant stated 18 that he had a fear "of the violence and gangs in Honduras," his only statements regarding why he was 19 uniquely likely to be a victim of such violence related to his status as an individual who had lived in the 20 United States. *Id.* The Court further noted that the evidence the defendant presented failed to establish 21 a showing of government acquiescence based on his individual circumstances. *Id.* at *5. As the Court 22 concluded, the defendant's supporting evidence could not have established a plausible CAT claim in 23 2011. *Id.* In other words, the defendant failed to establish a prima facie case of prejudice stemming 24 from his inability to seek CAT relief because he could not demonstrate that the alleged errors in the 25 2011 proceedings prejudiced his interests in a manner that had the potential to affect the outcome of the 26 proceedings. *See Cerda-Pena*, 799 F.2d at 1379.

27 The defendant argues that this case is on all fours with one of the Ninth Circuit's recent, 28 unpublished decisions, *United States v. Cuenca-Vega*, No. 12-10356, 2013 WL 5814760 (9th Cir. Oct.

4

30, 2013). In *Cuenca-Vega*, the Ninth Circuit held that the defendant had established a prima facie showing of prejudice because the government conceded that the defendant was eligible for pre-conclusion voluntary departure. *Id.* at *2. Thus, the burden shifted to the government to prove that the IJ's error could not have affected the outcome of the proceedings. *Id.*

The defendant argues that the same is true here; that is, that the government conceded the defendant was eligible for CAT relief and therefore he has successfully established a prima facie showing of prejudice. Defendant's Motion for Reconsideration ("Mot.") at 4. The defendant misstates the government's position. The government agrees that the defendant's felony conviction was not a statutory bar to his seeking relief under CAT; however, unlike in *Cuenca-Vega*, the government disputes the defendant's ability to successfully obtain such relief. United States' Opposition to Defendant's Motion to Reconsider at 5-6. The government contends that mere statutory eligibility is insufficient; instead, the defendant must meet the Ninth Circuit's well-established standard of demonstrating prejudice. *Id.* Only by demonstrating a prima facie showing of plausibility of relief can the defendant establish prejudice, and this the defendant has failed to do. Indeed, finding otherwise would lead to the result that, anytime the government agreed that a defendant was not statutorily barred from seeking a particular kind of relief from removal, the Court would be compelled to find that the defendant had thereby established his prima facie case. The law does not command such a result.

In sum, the Court rejects the defendant's contention that reconsideration is warranted because the Court imposed the wrong legal standard in its prior ruling.

**2.      Weight Accorded to the Declarations.**

The defendant argues that the Court did not accord sufficient weight to his declaration and to the declaration submitted by immigration lawyer Angela Bean. Mot. at 4. He contends that Ms. Bean's declaration, coupled with his own explanation of his fears regarding returning to Honduras, were sufficient for the Court to find that he established a prima facie showing of prejudice. *Id.*

As discussed above, in its prior ruling, the Court considered the defendant's declaration and found that the fears he articulated did not demonstrate that he could have established a plausible CAT claim in 2011. *Rodriguez-Vasquez*, 2013 WL 5755191, at *3. The defendant now asserts that his

5

"uncontested declaration states that he was afraid of being extorted, kidnaped, or even killed" at the time of his 2011 removal. Mot. at 5. In fact, the defendant's declaration states that his mother had told him that Honduras "was so dangerous for [him] there," and that, because he had lived in this country, "people in Honduras would try to extort [him] for money and threaten [his] life." Dkt. 15-1, Ex. A, ¶ 7. In his own words, in 2011 the defendant was afraid that people would want his money and would threaten him in order to get it. *Id.* The only reference the defendant makes to kidnapping relates to occurrences after his 2011 removal, *id.* at ¶ 9, that is, to the police complaints that the Court's previous Order found were irrelevant to the 2011 proceedings, *Rodriguez-Vasquez*, 2013 WL 5755191, at *4. Thus, the defendant's declaration does not support that, in 2011, he feared extortion, kidnapping, and death. At most, it supports that he feared extortion and death threats, two actions that the Court's prior order found did not constitute torture. *Rodriguez-Vasquez*, 2013 WL 5755191, at *3-5.

The defendant further argues that "the Court cannot simply dismiss Mr. Rodriguez's clear and direct testimony" of fear. Mot. at 5. Contrary to the defendant's assertion, the Court's prior order does not dismiss the defendant's declaration. It merely concludes that the defendant's statements do not demonstrate that it was plausible that, had the defendant had the opportunity to present his fears to an IJ in 2011, the IJ would have found it more likely than not that the defendant would face torture if returned to Honduras. *Rodriguez-Vasquez*, 2013 WL 5755191, at *3-5. In other words, the Court's prior order found that the defendant's declaration did not establish a prima facie showing of prejudice.

The defendant also contends the Court failed to consider Ms. Bean's expert opinion regarding the strength of the defendant's CAT claims. Mot. at 4-5. The Court did not disregard Ms. Bean's declaration in its prior ruling. To the contrary, the Court considered Ms. Bean's declaration and determined that it failed to demonstrate that the defendant could have established a plausible CAT claim in 2011. *Rodriguez-Vasquez*, 2013 WL 5755191, at *5. The Court noted that Ms. Bean admitted that extortion, and even kidnapping, do not constitute torture. *Id.* The Court found Ms. Bean's conclusions regarding the defendant's unique likelihood of facing torture in Honduras attenuated and insufficient. *Id.*; *cf. Muro-Inclan*, 249 F.3d at 1186 (finding evidence of hardship insufficient where it consisted of the "conclusory opinion of the immigration lawyer and the very brief, nonspecific declaration from [the defendant's] wife"). For the same reasons, the Court found Ms. Bean's conclusions regarding

6

1 government acquiescence unpersuasive. *See Muro-Inclan*, 249 F.3d at 1186 n.4 (noting, in the extreme hardship context, that "[t]he attorney's expert opinion, although entitled to some weight, is not independently sufficient to overcome the otherwise insufficient showing").

The defendant argues that the combination of his declaration with Ms. Bean's declaration meets his burden of establishing a prima facie showing of prejudice. Mot. at 4. The Court has already found that the defendant's declaration does not establish a prima facie showing of prejudice; therefore, the Court must determine whether Ms. Bean's declaration adds sufficient evidence to meet the defendant's burden. Ms. Bean based her opinions regarding the defendant's unique eligibility for CAT relief solely on a reading of the defendant's declaration. *See* Dkt. 15-1, Ex. J, ¶ 9 ("Nonetheless, from his declaration, he appears to have had a colorable CAT claim."). Ms. Bean notes that the defendant indicated "he was afraid of being extorted, kidnapped, or even killed." *Id.* ¶ 11. As the Court found in its prior Order and has reiterated here, the basis for the defendant's claim of fear in 2011 centered on extortion and death threats, not kidnapping and fear of death. Even if the defendant had feared kidnapping in 2011, Ms. Bean further noted that kidnapping and extortion are not torture. *Id.* She states that, if he was actually kidnapped or extorted, and if he suffered a beating while being kidnapped or extorted, then it "very well could amount [to] torture." *Id.* In its prior Order, the Court found Ms. Bean's conclusions regarding the defendant's likelihood of suffering torture attenuated, based as they were on almost no factual detail regarding the defendant's unique circumstances. *Rodriguez-Vasquez*, 2013 WL 5755191, at *5. On further review of the record supporting the prior motion, the Court is not persuaded by the defendant's argument that the two declarations established a prima facie showing of prejudice.

Accordingly, the Court finds that reconsideration is not warranted on the grounds that the Court failed to adequately consider the declarations of the defendant and immigration attorney Angela Bean.

### 3. Posture of the Defendant's CAT Claim.

Finally, the defendant argues that the Court applied an improper legal standard in its previous Order because it compared the defendant's undeveloped CAT claim to cases where the defendants had the opportunity to fully develop their claims before IJs. Mot. at 2-3. The defendant, however, cites no

cases in support of his contention that a different standard should apply in these circumstances. In fact, the Ninth Circuit does not differentiate between cases in this way. *Compare Gonzalez-Valerio*, 342 F.3d at 1054 (requiring defendant who developed his claim before an IJ to establish a prima facie showing of prejudice by demonstrating plausible grounds for relief); *with United States v. Reyes-Bonilla*, 671 F.3d 1036, 1049-50 (9th Cir. 2012) (requiring defendant who never had the opportunity to appear before an IJ to show prejudice by demonstrating plausible grounds for relief); *and United States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010) (same).

In its prior ruling, the Court applied the standard the Ninth Circuit requires, regardless of the procedural posture of the defendant's CAT claim. The Court examined the evidence the defendant proffered, and determined that he failed to establish a prima facie showing of prejudice by demonstrating that it was plausible that, in 2011, an IJ would have found it more likely than not that, if removed to Honduras, the defendant would face torture in which the government would acquiesce. *Rodriguez-Vasquez*, 2013 WL 5755191, at *3-5.

The Court applied the correct legal standard in its previous Order. Accordingly, the Court finds that reconsideration is not warranted on this ground.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES the defendant's motion for reconsideration. This Order resolves Docket No. 30.

**IT IS SO ORDERED.**

Dated: January 13, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

8